ISIDORA BENNING, ADMINISTRATRIX AD PROSEQUENDUM OF ESTATE OF RICHARD BENNING, DECEASED. APPELLANT, v. CHARLES H. HERBERT AND DANIEL HERBERT, RESPONDENTS.

Submitted February 14, 1930—Decided October 20, 1930.

For the appellant, *Theodore Strong, Jr.*

For the respondents, *Charles Stockdell Gray.*

The opinion of the court was delivered by

CAMPBELL, J. Appellant's decedent, while riding in a motor car operated by one Blue, received injuries, through a collision between the vehicle in which he was riding and a vehicle of the respondents which was standing at the side of the highway. Such injuries resulted in the death of appellant's intestate.

Suit was brought, under the Death act, against respondents, alleging, against them, and the operator of their vehicle, negligence, the proximate result of which was the collision above referred to and the injury and resulting death of appellant's decedent.

At the trial of such action, three prominent issues of fact were presented for solution, namely:

1. Were the defendants-respondents, or their servants, negligent in the manner in which they permitted their motor vehicle to be and remain upon the highway, and, if so, was such negligence the proximate cause of the happening complained of;

2. Was Blue, the operator of the car in which appellant's decedent was riding guilty of negligence which contributed to the happening; and

3. If Blue was negligent, and such negligence contributed to the happening, then was the legal relationship between him, as the driver of the car, and the decedent, as an occupant, such as to charge the latter, with the former's negligence so as to bar a recovery by appellant.

A trial of the cause resulted in a verdict for the defendants-respondents.

The plaintiff below appeals urging prejudicial and harmful error in the instructions of the trial court to the jury.

The specific portions of such instructions complained against are:

"So here, in this case, if you found that Blue was guilty of contributory negligence in such a way that without it this accident would not have happened, then, if the dead man, Benning, asked for the ride, and he was driving Benning for his benefit or pleasure, and was so driving at the request of Benning, that contributory negligence would be attributable to Benning:" and, "Was this young man there that night, in that car, at the time of the accident, as the guest, as the invitee of Blue? I am leaving that question as to whether or not he was there as an invitee, or whether he was there simply as a licensee, in the respect that he had asked for the ride and was there at his own request and solicitation and not as an invitee at the time of the accident to you."

It seems to us that the trial court was confused, and in error, as to the legal situation and principles applicable.

The instructions given were legally correct as to the liability and responsibility of Blue, the operator of the car in which Benning was riding, toward the latter, because, or by reason of, lack of due care on the part of Blue.

The mere fact, as the trial court instructed the jury, that Benning occupied the relation toward Blue of licensee rather than invitee did not, however, make the contributory negligence of Blue, if any, imputable to Benning.

The true and correct legal rule is stated in *Jacobson* v. *Bentley Morrison Corporation,* 103 *N. J. L.* 16, as follows:

"The true rule deducible from our own cases, and supported by the great weight of authority by courts of other jurisdictions, is that where a person, personally in the exercise of that degree of care which common prudence requires under all the attending circumstances, is injured through the negligence of some third person and the concurring negligence of one with whom the plaintiff is riding as a guest or companion, whether as an invitee or as a mere licensee, between whom and the plaintiff the relation of master and servant, or principal and agent, or mutual responsibility in a common enterprise does not, in fact, exist, the plaintiff being, at the time, in no position to exercise authority or control over the driver then the negligence of the driver is not imputable to the injured person, but the latter is entitled to recover against the third person through whose wrong his injuries were sustained."

A reading of the entire charge to the jury brings us to the conclusion that the learned trial judge injuriously erred against the appellant by misapplying this rule, and in his instructions made appellant's decedent chargeable, if a licensee, with the contributory negligence, if any, of the driver of the car in which he was an occupant.

For such error the judgment below must be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Campbell, Lloyd, Case, Bodine, Donges, Van Buskirk. McGlennon, Kays, Hetfield, Dear, Wells, JJ. 14.